Hat, Judge,
delivered the opinion of the court:
This is a suit brought by Isaac T. Cook, executor of the estate of William S. Eames, deceased, and Thomas' C. Young, the said Eames and Young having been partners, who, at the time of the making of the contract hereinafter mentioned, were partners, engaged in business as architects in the city of St. Louis in the State of Missouri. On July 9, 1903, the United States submitted to Eames & Young a a certain program for a competition for the selection of an architect for the erection of a customhouse building at San Francisco, Calif., and invited said firm to submit a design and estimates for the erection of said building, which were approved by the Treasury Department, and tire said firm was selected on December 19, 1903, as architects for said building. On February 6, 1904, the defendants entered into a contract with said firm. The plaintiffs performed extra work in eliminating from the original plans and specifications prepared by the plaintiffs and approved by the Treasury Department space for a subtreasury in said customhouse which was called for in the original program for competition by the Government and made part of the contract. For this extra work the defendants refused to pay. It was reasonably worth the sum- of $1,200.
*226 The said firm prepared plans and specifications for the. installation of the power plant in the old appraiser’s stores building, which was work not included under the contract, .and the architects were not required to do it; it was work separately ordered by the department, and the reasonable value of the work so performed is the sum of $2,725. The third item of the claim is for the unpaid commission on the sum of $101,907.66, paid to Thomas Butler, the contractor for the construction of the building, due to the great earthquake and fire in San Francisco on April 18, 1906.
As to the first two items of this claim the defendants concede that they should be paid. The defendants resist the payment of the commission on the sum of $101,907.66, which was paid to Thomas Butler under the authority of a provision in the sundry civil appropriation act approved May 27, 1908, 35 Stat., 318. This provision is as follows:
“ The Secretary of the Treasury is authorized, upon completion of the customhouse of San Francisco, California, to pay to Thomas Butler, the contractor for the construction of said building, in addition to the contract price thereof, such sum as may be equitable and just to reimburse said contractor for any loss actually sustained in consequence of the earthquake and great fire of April, 1906, not exceeding the sum of $250,000. Providing that the amount allowed said Thomas Butler shall not be sufficient to enable him to make any profit out of the making and executing of said contract.”
The report of the committee appointed by the Secretary of the Treasury to adjust the claim of the contractor under the provisions of the statute above quoted shows that the contractor was entitled to receive the sum of $101,907.66, and that this additional payment covered only the actual increased cost to the contractor of constructing said building due to the earthquake and fire of 1906, exclusive of any profits to the contractor.
The contract of the defendants with the architects provided :
“And the party of the first part covenants and agrees to pay, or cause to be paid, unto the party of the second part, or to the heirs, executors, or administrators of the party of the second part, a fee computed at the rate of five per centum *227 upon the actual cost of the work executed from the drawings and specifications and under their supervision, as shown upon the books of the Supervising Architect’s Office, by the net amounts of contracts awarded and proposals accepted for additions and deductions, but not including the cost of the site, or furniture, electric plant, gas or electric fixtures, mural paintings, architects’ fee, or the contingent expenses incident to the construction of said building set apart by the party of the first part.
“And the party of the first part covenants and agrees that payments will be made in the following manner, viz: One-fifth of the fee when the preliminary drawings are completed and approved in the manner provided in said regulations; three-tenths of the fee when the general working drawings and specifications are completed and copies thereof delivered to the Supervising Architect; and the balance of the fee monthly upon the basis of payments for work performed and in place as of record upon the books of the Supervising Architect’s Office, or as ascertained to be due to the several contractors who execute such work: Provided, That until the actual cost of the work executed from the architect’s drawings and specifications and under their supervision can be determined, the monthly payments on account of the fee shall be computed upon the proposed cost of said building as estimated by the party of the second part, viz, one million two hundred seventy-seven thousand six hundred ($1,277,600) dollars, or as may be readjusted from time to time; and upon the completion of the building the entire fee shall be finally based upon and computed on the actual construction cost of the work executed from the architect’s drawings and specifications and under their supervision, as shown upon the books of the Supervising Architect’s Office, exclusive of the cost of the items herein-before excepted.”
It will be observed that this contract provides “ upon the completion of the building the entire fee shall be finally based upon and computed on the actual construction cost of the work executed from the architect’s drawings and specifications and under their supervision, as shown upon the books of the Supervising Architect’s Office, exclusive of the cost of the items hereinbefore excepted.” The $101,907.66 upon which the plaintiffs claim that they are entitled to commission is a part of the construction cost of the work executed' from the architect’s drawings and specifications, and the sum aforesaid was shown upon the books of the *228 Supervising Architect’s Office. Under the contract they are entitled to be paid their commission on this sum.
Judgment will be entered for the plaintiffs in the sum of $9,020.38, as shown by Findings V, VI, and VII.
Graham, Judge, concurs.